**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SCOTT HILL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:22-cv-03311** |
| | § | |
| **HYATT CORPORATION D/B/A HYATT** | § | **Jury Demand** |
| **CENTRIC THE WOODLANDS,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>DEFENDANT'S NOTICE OF REMOVAL</u>**

Defendant, Hyatt Corporation d/b/a Hyatt Centric The Woodlands ("Hyatt") files this Notice of Removal, as follows:

**I.
<u>COURT AND PARTY INFORMATION</u>**

1.      HYATT CORPORATION D/B/A HYATT CENTRIC THE WOODLANDS ("Defendant") is the Defendant in this civil action commenced on September 6, 2022, in the 113th Judicial District of Harris County, Texas, entitled *Scott Hill v. Hyatt Corporation d/b/a Hyatt Centric The Woodlands,* Cause No. 202256026 ("State Court Action").

2.      Copies of the (1) Plaintiff's Original Petition, including the (a) Civil Case Information Sheet and (b) Request for Issuance of Citation; (2) Citation to Defendant Hyatt Corporation (D/B/A Hyatt Centric The Woodlands); (3) Defendant Hyatt Corporation d/b/a Hyatt Centric The Woodland's Original Answer; and (4) the Civil Docket Sheet are attached hereto and constitute all process, pleadings and orders served in the State Court Action. *See* Index of State Court Documents attached hereto.  The address for the 113th Judicial District of Harris County, Texas is as follows: Harris County Civil Courthouse, 201 Caroline, 10th Floor, Houston, TX 77002.

3.    Plaintiff in the State Court Action is Scott Hill ("Plaintiff"). Plaintiff is represented by Efrain Gonzalez Jr. (Texas Bar No. 24084739) of EGJ Law, PLLC, 1300 W. 19th St., #7475, Houston, TX 77248, (713) 417-5015, eservice@egjlawfirm.com. Defendant Hyatt Corporation d/b/a Hyatt Centric The Woodlands is the Defendant in the State Court Action and is represented by Michael A. Logan (Texas Bar No. 12497500) and John W. "Jack" Delaney (Texas Bar No. 24125200) of Kane Russell Coleman Logan PC, 901 Main Street, Suite 5200, Dallas, Texas 75202, (214) 777-4200, mlogan@krcl.com, jdelaney@krcl.com.

## II.
## STATE COURT ACTION

4.    Plaintiff claims that on September 5, 2020, he was injured while a guest at the Hyatt Centric Hotel located at 9595 Six Pines Dr. #1100, The Woodlands, TX 77380, when he slipped and fell in the parking area.

5.    Plaintiff requested a trial by jury in the State Court Action, but the jury fee has not been paid.

## III.
## GROUNDS FOR REMOVAL

6.    Defendant files this Notice of Removal on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a).  A suit may be removed from state court to federal court on the grounds of diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Except as otherwise expressly provided by an Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district and division embracing the place where the action is pending.  *See* 28 U.S.C. § 1441.  The Houston Division of the

Southern District of Texas is the United States district and division embracing Harris County, Texas, the county in which the State Court Action is pending.

**A.    This Notice of Removal is timely filed.**

8.      The citation and petition in this action were served on Defendant on September 14, 2022, by serving Defendant's registered agent.  This Notice of Removal is filed within thirty (30) days of receipt of the citation and petition and is, therefore, timely filed pursuant to U.S.C. § 1446(b).

**B.    Complete diversity exists between the parties properly joined.**

9.      This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court based on diversity of citizenship in accordance with 28 U.S.C. §§ 1441 and 1446.  Complete diversity exists in this case because Plaintiff and Defendant are citizens of different states.

10.     As stated in Plaintiff's Original Petition, Plaintiff is a resident of Texas.  He lives in Huntsville, Texas, which is located in Walker County, Texas.  Thus, Plaintiff is now, and was at the time this action commenced, a citizen of the State of Texas.

11.     Defendant Hyatt Corporation is a corporation formed under the laws of the State of Delaware, having its principal place of business now and at the time this action was commenced in Chicago, Illinois.  Therefore, Defendant Hyatt Corporation is not a citizen of the State of Texas.

12.     Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332.

**C.    The amount in controversy requirement is satisfied.**

14.     As reflected in Plaintiff's Original Petition, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.  Specifically, Plaintiff seeks monetary relief between $250,000 and $1,000,000.  *See* Plaintiff's Original Petition, ¶12. Therefore, the

estimate of damages that has been put at issue in this action by Plaintiff and the amount in controversy in this action exceeds $75,000.

15.     Removal of the State Court Action is proper pursuant to 28 U.S.C. § 1441, because it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332(a) because Plaintiff and Defendant are diverse in citizenship.

**WHEREFORE**, Defendant, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes this action for trial from the 113th Judicial District, Harris County, Texas.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:     */s/ Michael A. Logan*
        Michael A. Logan
        Attorney-in-Charge
        TX State Bar No. 12497500
        E-Mail: mlogan@krcl.com

        901 Main Street, Suite 5200
        Dallas, Texas 75202
        Telephone:     (214) 777-4294
        Facsimile:     (214) 777-4299

**ATTORNEY FOR DEFENDANT HYATT CORPORATION D/B/A HYATT CENTRIC THE WOODLANDS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this the 27th day of September, 2022, a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for Plaintiff by operation of the Court's electronic filing system, unless counsel for Plaintiff is not registered with the CM/ECF system, in which case the undersigned certifies that a copy of the foregoing document was sent to counsel for Plaintiff via certified mail, return receipt requested.

/s/    Michael A. Logan
Michael A. Logan

# EXHIBIT 1

9/5/2022 12:12 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67953889
By: Cecilia Thayer
Filed: 9/6/2022 12:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| SCOTT HILL | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HYATT CORPORATION D/B/A | § | |
| HYATT CENTRIC THE WOODLANDS | § | |
| Defendant | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF SCOTT HILL'S ORIGINAL PETITION, RULE 193.7 NOTICE, AND JURY DEMAND

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, Scott Hill**, (hereinafter "Plaintiff"), and files this Original Petition, Rule 193.7 Notice, and Jury Demand, complaining of **Hyatt Corporation d/b/a Hyatt Centric The Woodlands** (hereinafter "Defendant"). Plaintiff, for cause of action, would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

Plaintiff hereby requests that discovery in this case be conducted pursuant to Texas Rule of Civil Procedure 190.3 (Level 2). Plaintiff requests this Court to issue a Docket Control Order in accordance with a Level 2 discovery plan. If such be necessary, the parties will submit an Agreed Docket Control Order for the Court to sign.

### II. JURISDICTION & VENUE

This Court has jurisdiction in this lawsuit since the damages to Plaintiff are within the jurisdictional limits of this Court.

All or a substantial part of the events or omissions giving rise to Plaintiff's causes of action occurred in Harris County, Texas. Therefore, venue is proper pursuant to §§15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

### III. PARTIES

Plaintiff is an individual presently residing in Texas.

Defendant Hyatt Corporation d/b/a Hyatt Centric The Woodlands is a company doing business in the state of Texas, and may be served through its registered agent United States Corporation Co., 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV. FACTUAL BACKGROUND

On or about September 5, 2020, Plaintiff was visiting the Hyatt Centric The Woodlands as an invitee whom had purchased a room for overnight stay. The property is managed and operated by Defendant. As Plaintiff was entering the premises from the parking area, he slipped and fell due to debris and water at the entrance of the hotel from the parking area, causing Plaintiff severe bodily injury, which required surgical repair. Defendant has failed to provide evidence requested, including video recording evidence of the subject incident.

### V. CAUSES OF ACTION

Plaintiff hereby incorporates by reference the forgoing allegations in Section IV of these pleadings.

At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition, which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

(a) Failure to maintain the premises in a reasonably safe condition;
(b) Failure to inspect the premises where the dangerous condition existed;
(c) Failure to correct the condition by taking reasonable measure to safeguard persons on the premises;
(d) Failure to inform Plaintiff of the dangerous condition existing on the premises; and
(e) Other acts deemed negligent.

3

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

Defendant was also negligent in that it failed to act as reasonably prudent premise owner would act in the same or similar situation.

## VI.  DAMAGES

As a direct and proximate result of the above-described actions of Defendant, Plaintiff will show that he has suffered actual damages within the jurisdictional limits of this Court. Plaintiff has suffered physical pain and suffering and mental anguish in the past and, in reasonable probability, will suffer physical pain and suffering and mental anguish in the future. Plaintiff has suffered physical impairment, and loss of enjoyment of life, in the past and will continue to suffer these damages in the future. Plaintiff has incurred medical and pharmaceutical expenses in the past and, in reasonable medical probability, will incur medical and pharmaceutical expenses in the future.

## VII.  JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests and demands a trial by jury. The appropriate jury fee will be tendered after the filing of this pleading and prior to trial.

4

## VIII.   RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## IX.   PRAYER

For the reasons discussed herein, Plaintiff prays this court order Defendant to appear and answer herein and that Plaintiff have judgment taken against Defendant, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled between $250,000 and $1,000,000.00 including but not limited to:

(a) Past and future medical damages;

(b) Past and future physical pain and suffering and mental anguish;

(c) Past and future impairment and disfigurement;

(d) Costs of Court; and

(e) Whatever further relief the Court may deem justly appropriate.

Respectfully submitted,

**EGJ·LAW**
PLLC

By:  /s/ Efrain Gonzalez Jr.

EFRAIN GONZALEZ JR.
State Bar No. 24084739
1300 W. 19th St., #7475
Houston, Texas 77248
Tel: 713.417.5015
Fax: 833.657.2486
eservice@egjlawfirm.com

**ATTORNEY FOR PLAINTIFF**

6

# EXHIBIT 2



Receipt Number: 961880
Tracking Number: 74049147

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202256026

| | |
|---|---|
| PLAINTIFF: HILL, SCOTT | In the 113th Judicial |
| vs. | District Court of |
| DEFENDANT:   HYATT   CORPORATION   (D/B/A   HYATT CENTRIC THE WOODLANDS) | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: HYATT CORPORATION (D/B/A HYATT CENTRIC THE WOODLANDS) MAY BE SERVED THROUGH ITS

REGISTERED AGENT

UNITED STATES CORPORATION CO

211 E 7TH STREET SUITE 620

AUSTIN TX 78701-3218

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION RULE 193.7 NOTICE AND JURY DEMAND.

This instrument was filed on September 6, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.   In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.   These disclosures generally must be made no later than 30 days after you file your answer with the clerk.   Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 9, 2022.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002


Generated By: CECILIA THAYER

Issued at request of:
GONZALEZ, EFRAIN JR.
1300 W 19TH ST #7475
HOUSTON, TX   77248
713-417-5015
Bar Number: 24084739

Tracking Number: 74049147
EML

CAUSE NUMBER: 202256026

| | |
|---|---|
| PLAINTIFF: HILL, SCOTT | In the 113th |
| vs. | Judicial District Court |
| DEFENDANT: HYATT CORPORATION (D/B/A HYATT CENTRIC THE WOODLANDS) | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE:  $ _____

_____
_____ of _____

County, Texas

_____          By:  _____
          Affiant                                        Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

_____
Notary Public

# EXHIBIT 3

9/26/2022 1:19 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68608052
By: Jennifer Ochoa
Filed: 9/26/2022 1:19 PM

CAUSE NO. 202256026

| | | |
|---|---|---|
| SCOTT HILL, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | 113TH JUDICIAL DISTRICT |
| | § | |
| HYATT CORPORATION D/B/A | § | |
| HYATT CENTRIC THE | § | |
| WOODLANDS | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

**HYATT   CORPORATION   D/B/A   HYATT   CENTRIC   THE   WOODLANDS**

("Defendant") files its Original Answer, as follows:

### I.
### GENERAL DENIAL

1.     Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every

allegation contained in Plaintiff's Original Petition, and any amendments or supplements thereto,

and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

### II.
### AFFIRMATIVE DEFENSES

2.     As permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts

the following by way of affirmative defenses that may be shown by the evidence:

    a.   The comparative negligence of Plaintiff in failing to use ordinary care was a
proximate cause or the sole proximate cause of Plaintiff's injuries, if any.  Pursuant
to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant requests
that the jury assess the comparative negligence, if any, of all parties to this lawsuit.
Defendant asserts that it may only be liable to Plaintiff for its percentage of
responsibility as determined by the trier of fact with regard to Plaintiff's alleged
damages in the above-styled lawsuit.

b. Pursuant to § 41.0105 of the Texas Civil Practice & Remedies Code, the recovery of medical or healthcare expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Furthermore, at the trial of the above-styled cause, Plaintiff may only offer and/or present evidence to the trier of fact related to the medical and/or healthcare expenses actually paid or incurred minus any offsets or adjustments allowed by the medical or healthcare providers.

c. The risk of falling on naturally occurring debris was an open and obvious danger of which Plaintiff knew, or of which he was charged with knowledge, and as such eliminated any duty to warn on the part of Defendant.

d. If prejudgment interest is recoverable in this case, it is limited in accordance with § 304.101, et seq. of the Texas Finance Code.

e. If post-judgment interest is recoverable in this case, it is limited in accordance with § 304.003(c) of the Texas Finance Code.

## III.
## RULE 193.7 NOTICE

3.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant notifies all parties that all documents produced during discovery may be used at any pre-trial proceeding and/or trial without the necessity of authenticating the documents.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, that Defendant recover its costs and attorneys' fees incurred herein, and that Defendant be granted such other and further relief to which it may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:  */s/ Michael A. Logan*
         Michael A. Logan
         State Bar No. 12497500
         E-Mail: mlogan@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:      (214) 777-4294
Facsimile:      (214) 777-4299

**ATTORNEY FOR DEFENDANT**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document was served on the following counsel of record this 26th day of September 2022:

***<u>Via E-Service</u>***: eservice@egjlawfirm.com
Efrain Gonzalez Jr.
EGJ Law PLLC
1300 W. 19th St., #7475
Houston, TX 77248

                    */s/ Michael A. Logan*

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Rose on behalf of Michael Logan
Bar No. 12497500
crose@krcl.com
Envelope ID: 68608052
Status as of 9/26/2022 2:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Efrain Gonzalez | 24084739 | eservice@egjlawfirm.com | 9/26/2022 1:19:33 PM | SENT |
| Crystal Rose | | crose@krcl.com | 9/26/2022 1:19:33 PM | SENT |
| Christina Woodard | | cwoodard@krcl.com | 9/26/2022 1:19:33 PM | SENT |
| Jack Delaney | | jdelaney@krcl.com | 9/26/2022 1:19:33 PM | SENT |
| Michael Logan | | mlogan@krcl.com | 9/26/2022 1:19:33 PM | SENT |

# EXHIBIT 4

**HCDistrictclerk.com**      HILL, SCOTT vs. HYATT CORPORATION (D/B/A HYATT      9/26/2022
CENTRIC THE WOODLANDS)
Cause: 202256026      CDI: 7      Court: 113

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS

| | | CURRENT PRESIDING JUDGE | |
|---|---|---|---|
| **File Date** | 9/6/2022 | **Court** | 113th |
| **Case (Cause) Location** | | **Address** | 201 CAROLINE (Floor: 10) HOUSTON, TX 77002 Phone:7133686113 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Premises | **JudgeName** | RABEEA COLLIER |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 9/6/2022 | | |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| HILL, SCOTT | PLAINTIFF - CIVIL | | GONZALEZ, EFRAIN JR. |
| HYATT CORPORATION (D/B/A HYATT CENTRIC THE WOODLANDS) | DEFENDANT - CIVIL | | LOGAN, MICHAEL ALAN |
| HYATT CENTRIC THE WOODLANDS | DEFENDANT - CIVIL | | LOGAN, MICHAEL ALAN |
| HYATT CORPORATION (D/B/A HYATT CENTRIC | REGISTERED AGENT | | |

THE WOODLANDS) MAY BE SERVED

## INACTIVE PARTIES
No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/26/2022 | ANSWER ORIGINAL PETITION | | | 0 | | LOGAN, MICHAEL ALAN | HYATT CENTRIC THE WOODLANDS |
| 9/26/2022 | ANSWER ORIGINAL PETITION | | | 0 | | LOGAN, MICHAEL ALAN | HYATT CORPORATION (D/B/A HYATT CENTRIC THE WOODLANDS) |
| 9/6/2022 | ORIGINAL PETITION | | | 0 | | GONZALEZ, EFRAIN JR. | HILL, SCOTT |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | HYATT CORPORATION (D/B/A HYATT CENTRIC THE WOODLANDS) MAY BE SERVED | 9/6/2022 | 9/9/2022 | | | | 74049147 | E-MAIL |

211 E 7TH STREET SUITE 620 AUSTIN TX 78701

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 104239936 | Defendant's Original Answer | | 09/26/2022 | 4 |
| | Defendant's Original Answer | | 09/26/2022 | |
| 103868219 | Plaintiff Scott Hills Original Petition, Rule 193.7 Notice, and Jury Demand | | 09/06/2022 | 6 |
| ·> 103868220 | Civil Case Information Sheet | | 09/06/2022 | 1 |
| ·> 103868221 | Request for Issuance of Service | | 09/06/2022 | 1 |